**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

LANCE VONDEL BELL, a/k/a Lance
Lee,
Defendant-Appellant.

No. 95-5859

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-114)

Submitted: September 20, 1996

Decided: October 3, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas E. Johnson, SCHRADER, BYRD, COMPANION & GUR-
LEY, Wheeling, West Virginia, for Appellant. William D. Wilmoth,
United States Attorney, Sam G. Nazzaro, Assistant United States
Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Lance Vondel Bell pled guilty to conspiracy to possess with intent to distribute cocaine base, 21 U.S.C.§ 846 (1994). On appeal, he contends that he should have received a downward adjustment for being a minor participant in the drug conspiracy. Finding no error, we affirm his conviction and sentence.

On two separate occasions, undercover officers purchased crack cocaine from Bell. Bell was also in possession of crack cocaine after a later arrest for purse snatching. Further evidence presented by the Government established that Bell had been involved in the drug conspiracy from June 1993 to June 1994. In exchange for his guilty plea, the Government agreed to move the district court under United States Sentencing Commission, Guidelines Manual,§ 3B1.2 (Nov. 1994), for a two-level downward adjustment for being a minor participant in the offense.

At sentencing, both Bell and the Government objected to the presentence report and requested that the district court find that Bell was entitled to the downward departure for his role in the offense. The district court denied these requests.

We review a district court's decision not to adjust downward under § 3B1.2 under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989). Under § 3B1.2, a district court may grant a two-point downward adjustment if the defendant played a minor role in the offense. See United States v. Brooks, 957 F.2d 1138, 1149 (4th Cir.), cert. denied, 505 U.S. 1228 (1992).

After a review of the record, we find that the district court did not clearly err in refusing to grant the adjustment. The evidence established that Bell was involved in the conspiracy for at least one year.

2

His involvement did not comprise a single event, but an extended connection. Additionally, a drug seller in a drug conspiracy generally cannot be considered a minor participant. Brooks , 957 F.2d at 1149.

Accordingly, we affirm Bell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3